## NO. 12-18-00290-CR

## IN THE COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT

## TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES HENRY PORTER,*<br>*APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

James Henry Porter appeals following the revocation of his deferred adjudication community supervision. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant filed a pro se response. We affirm.

### BACKGROUND

Appellant was charged by indictment with tampering with evidence and pleaded "guilty." Pursuant to a plea agreement, Appellant was placed on ten years deferred adjudication community supervision. Subsequently, the State filed a motion to adjudicate alleging that Appellant violated certain terms and conditions of his community supervision and seeking revocation of said community supervision. A hearing was conducted on the State's motion, at which Appellant pleaded "true" to the State's allegations. At the conclusion of the hearing, the trial court found that Appellant violated the terms and conditions of his community supervision as alleged in the State's motion. However, the trial court, pursuant to a plea bargain, sentenced Appellant to five years imprisonment, probated for five years.

Thereafter, the State filed a motion to revoke Appellant's community supervision alleging Appellant violated certain terms and conditions thereof. A hearing was conducted on the State's

motion, at which Appellant pleaded "not true" to all of the State's allegations. In its motion, the State alleged Appellant committed four crimes while on community supervision. Included in those allegations, the State contended Appellant operated a motor vehicle while his license was suspended. The State further claimed that Appellant caused $200 in damage by hitting a mailbox while he was driving and failed to notify the owner of the mailbox. During the hearing, Appellant testified as follows:

Q. Okay. Did you -- there is an allegation that your vehicle struck a mailbox.
A. Yes, sir.
Q. Is there any truth to that allegation?
A. Yes, sir.
Q. Did you flee from the scene of that incident?
A. I was not aware that I had hit the mailbox. I had fainted. I passed out.
Q. From your medications?
A. Yes. I don't know. I just -- I don't know, I just blanked out. I passed out. And then the car lost control and it spun out, and we ended up in the ditch. And then Tenika was shaking me. She was shaking me, "James, James, what's wrong with you?" And when I came to, the car was still running.
So then I just got on the gas and got back on the street and continued driving on. That's exactly what -- how it happened.
Q. Did Tenika tell you you had hit a mailbox?
A. No, she didn't tell me I had hit no mailbox.
Q. Did she black out too?
A. No, huh-huh. No, apparently not. I passed out.
Q. You had no idea about the mailbox?
A. No, sir, I didn't.
Q. So you didn't intentionally flee the incident?
A. No, sir. No, sir, I had --
Q. Okay.
A. -- I was still dazed from the -- I passed out. I blanked out. I fainted.
Q. Did you have a valid driver's license at that time?
A. No, sir.
Q. Okay. So why wasn't Tenika driving then if you didn't have a valid driver's license?
A. Well, she don't have a license either.
Q. I see.
A. And I told her --
Q. Did you go to Brookshires then from there?
A. Yes, sir. We was going to the store. And, you know, I passed out. I blanked out. She wanted me to take her to the store. And, you know, and so -- and I took the chance. But I pass out. I'm telling the truth.
Q. Okay. And that class C misdemeanor offense --
A. Yes, sir, and I went to jail.
Q. -- mailbox -- did you go to jail for that?
A. Yes, sir. They gave me a class C misdemeanor and gave me time served. Next day I stayed, and gave me time served. And I walked out the next day.
Q. So you pled guilty to that?
A. Yes, sir. I pleaded guilty to that. It was an accident.

2

At the conclusion of the hearing, the trial court found that Appellant committed two of the offenses alleged in the State's motion, found that Appellant did not commit the other two offenses alleged, adjudicated him "guilty" of tampering with evidence, and sentenced him to five years imprisonment. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with ***Anders v. California*** and ***Gainous v. State***. Appellant's counsel relates that he has reviewed the record and found no arguable grounds for appeal. In compliance with ***High v. State***, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief contains a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[1]

Appellant contends in his pro se response that he did not commit two of the offenses alleged in the State's motion to revoke. He further argues that the court overlooked evidence that he was unaware his license was suspended during the incident at issue.

When faced with an ***Anders*** brief and a pro se response by an appellant, an appellate court can either (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. ***Bledsoe v. State***, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

## CONCLUSION

After conducting an independent examination of the record, we find no reversible error and conclude that the appeal is wholly frivolous. *See id*. Accordingly, we ***affirm*** the judgment of the trial court.

As required by ***Anders*** and ***Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also* ***In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits and now ***grant*** counsel's motion for leave to withdraw.

---

[1] In compliance with ***Kelly v. State***, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See* ***Kelly v. State***, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date that the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered September 11, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 11, 2019**

**NO. 12-18-00290-CR**

**JAMES HENRY PORTER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court

of Houston County, Texas (Tr.Ct.No. 15CR-065)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*